# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MICHAEL SHEA,<br><br>                   Petitioner,<br><br>v.<br><br>UNKNOWN,<br><br>                   Respondent. | Case No.: 18cv1760 GPC (RBB)<br><br>**ORDER DENYING IN FORMA PAUPERIS APPLICATION AND DISMISSING CASE WITHOUT PREJUDICE** |

Petitioner, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 along with an application to proceed in forma pauperis.

## REQUEST TO PROCEED IN FORMA PAUPERIS

The request to proceed in forma pauperis is denied because Petitioner has not provided the Court with sufficient information to determine Petitioner's financial status. A request to proceed in forma pauperis made by a state prisoner must include a certificate from the warden or other appropriate officer showing the amount of money or securities Petitioner has on account in the institution. Rule 3(a)(2), 28 U.S.C. foll. § 2254; Local Rule 3.2. Petitioner has failed to provide the Court with the required Prison Certificate and as such the request to proceed in forma pauperis is denied.

///

# FAILURE TO NAME A PROPER RESPONDENT

Additionally, review of the Petition reveals that Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. *See id.*

The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." *Id.* "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" *Id.* (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'" *Id.* (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The actual person who is [the] custodian [of the petitioner] must be the respondent." *Ashley v. Washington*, 394 F.2d 125, 126 (9th Cir. 1968). This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court. "Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner." *Ortiz-Sandoval*, 81 F.3d at 895.

Here, Petitioner has failed to name a Respondent. In order for this Court to entertain the Petition filed in this action, Petitioner must name the warden in charge of the state correctional facility in which Petitioner is presently confined or the Secretary of the California Department of Corrections and Rehabilitation. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

///

# FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMDIES

Further, habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133-34. Moreover, to properly exhaust state court remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated. The Supreme Court in *Duncan v. Henry*, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Id*. at 365-66 (emphasis added). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the due process of law guaranteed by the Fourteenth Amendment, he [or she] must say so, not only in federal court, but in state court." *Id*. at 366 (emphasis added).

Nowhere on the Petition does Petitioner allege that he raised his claims in the California Supreme Court. In fact, he specifically indicates he did not seek such review. (*See* Pet., ECF No. 1 at 6-7.) If Petitioner has raised his claims in the California Supreme Court he must so specify. "The burden of proving that a claim has been exhausted lies with the petitioner." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997); *see Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997); *Oyler v. Allenbrand*, 23 F.3d 292, 300 (10th Cir. 1994); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D) (West 2006).

The statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings"). However, absent some other basis for tolling, the statute of limitations does run while a federal habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254. Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged exhaustion of state court remedies.

## CUSTODY REQUIREMENT

Finally, upon review of the documents filed in this case, it is not clear that Petitioner is in custody pursuant to the conviction he challenges in the Petition. "Subject

4

matter jurisdiction under the federal habeas corpus statute, 28 U.S.C. § 2254(a), is limited to those persons 'in custody pursuant to the judgment of a State.'" *Brock v. Weston*, 31 F.3d 887, 889 (9th Cir. 1994); *see also* 28 U.S.C. § 2241(c)(3). It is a jurisdictional requirement that, at the time a habeas petition is filed, "the habeas petitioner be 'in custody' *under the conviction or sentence under attack*." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (emphasis added) (citing 28 U.S.C. §§ 2241(c)(3) & 2254(a)); *see Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)).

Here, Petitioner is challenging his 1990 conviction for which he was sentenced to four years and eight months. Petitioner states that he was released from that sentence in 1995. (Pet., ECF No. 1 at 1-2.) Thus, while Petitioner is currently incarcerated, it appears he is no longer in custody pursuant to the conviction he now challenges. "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng*, 290 U.S. at 490; *see Feldman v. Perrill*, 902 F.2d 1445, 1448 (9th Cir. 1990) (stating that an expired conviction cannot satisfy the "in custody" requirement).

## CONCLUSION

Accordingly, the Court **DENIES** the request to proceed in forma pauperis, and **DISMISSES** the case without prejudice and with leave to amend. To have the case reopened, Petitioner must, no later than **October 15, 2018**: (1) either pay the filing fee or provide adequate proof of his inability to pay and (2) file a First Amended Petition that cures the deficiencies outlined in this Order. *For Petitioner's convenience, the Clerk of Court shall attach to this Order a blank in forma pauperis form and a blank Amended Petition form.*

**IT IS SO ORDERED.**

Dated: August 14, 2018

Hon. Gonzalo P. Curiel
United States District Judge